UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL DEAN EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-25-434-R |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff, proceeding in forma pauperis, has filed a pro se civil rights Complaint. Pursuant to the directives of 28 U.S.C. § 1915(e)(2), the Court has screened Plaintiff's Complaint and finds that it fails to state a claim on which relief may be granted.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Typically, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it;

1

how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.*

In evaluating a complaint, all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). And where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Hall*, 935 F.2d at 1110. But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Plaintiff's Complaint names as Defendants the State of Oklahoma, Attorney General – OK, Oklahoma Probate Commission, Coldwell Bank Realty, and Doe Real Estate Agent. He alleges that he is "a qualified disabled individual" and that the State of Oklahoma discriminated against him by not providing "the same aid, benefit, and service as other whom private law, and unlawful conveyance of home and property law, would apply." He further alleges that the state Attorney General did not "investigate the property fraud and theft of our home" or the "fact that the owner of the home were/are missing," the Oklahoma Probate Commission did not provide a hearing, and Coldwell Bank Realty of Oklahoma City denied him "the same 'notice of sale' as other clients" and failed to notify him by email when his wife signed a "repair and sell agreement." He seeks monetary damages for

discrimination in violation of the Americans with Disabilities Act, violation of the Fourteenth Amendment's due process protections, and negligence.[1]

Even liberally construed, Plaintiff's Complaint does not provide fair notice of the claims and the grounds upon which they rest. Although the Complaint includes some factual allegations and citation to authority, the allegations are disjointed and do not provide a coherent factual basis from which the Court or defendants can discern the basis of the claims. Additionally, although Plaintiff references the ADA, Fourteenth Amendment, and negligence, any claims asserted under these provisions are deficient, as set out below..

A. ADA Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim against a public entity under this provision, a plaintiff must show "(1) that he or she is a qualified individual with a disability; (2) that he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by

---

[1] Plaintiff also includes information in his Complaint suggesting that he is being unlawfully confined by the Nevada Department of Corrections. To the extent Plaintiff seeks to challenge the validity or execution of his sentence, the proper vehicle to pursue such a claim is a separate action for habeas relief. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) (explaining that a "challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241" and a challenge to the validity of the conviction "should be brought under 28 U.S.C. § 2254").

reason of the plaintiff's disability." *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016). Plaintiff has not alleged facts – as opposed to conclusory allegations – showing that he has a disability within the meaning of the ADA or that he was discriminated against by reason of his disability. Further, to the extent Plaintiff intends to pursue a claim against Coldwell Bank Realty for violation of Title III of the ADA, which prohibits discrimination against persons with disabilities in places of public accommodation, only prospective injunctive relief is available. *Lewis v. Burger King*, 361 F. App'x 937, 938 n.1 (10th Cir. 2010).

### B. Fourteenth Amendment Claim

"[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities. And § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837–38 (1982) (internal citations omitted). Plaintiff has not alleged that Coldwell Bank Realty has taken any action under color of state law which may subject it to suit under § 1983 for a constitutional violation.

As to the claim against the State of Oklahoma and the Attorney General,[2] "[t]he Eleventh Amendment precludes anyone from suing an arm of the state or asserting a

---

[2] Eleventh Amendment immunity may also extend to the entity Plaintiff identifies as the "Oklahoma Probate Commission" if it is an arm of the state. Additionally, it is not clear that this is a separate suable entity. *See Tiesel v. Creek Cnty. Jail Med.*, No. 10-CV-753-GKF-PJC, 2010 WL 5069855, at *3 (N.D. Okla. Dec. 3, 2010) ("While a city, county, or

damage claim against state officers in their official capacities." *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). Although "Eleventh Amendment immunity does not extend to a state official sued in his official capacity when the plaintiff seeks only prospective, injunctive relief," *Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008), Plaintiff's Complaint requests only monetary damages.

### C. Negligence Claim

A negligence claim requires a plaintiff to show that a defendant "owed him a legal duty, defendant breached that duty, and such breach was the direct and proximate cause of plaintiff's injuries." *Smith v. Cent. Mine Equip. Co.*, 876 F.Supp.2d 1261, 1268 (W.D. Okla. 2012). "A duty of care is an obligation owed by one person to act so as not to cause harm to another." *Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007) (citing Okla. Stat. tit. 76, § 1). "The proximate cause of an event must be that which in a natural and continuous sequence, unbroken by an independent cause, produces the event and without which the event would not have occurred." *Gaines v. Providence Apartments*, 750 P.2d 125, 126–27 (Okla. 1987). Plaintiff complains that he was not notified that his wife signed a repair and sell agreement and was not provided a notice of sale, but has not adequately alleged that defendants owed him a legal duty or that the breach of that duty was the direct and proximate cause of his injuries.

---

municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action.").

### D. Rooker-Feldman Doctrine

Although the precise contours of Plaintiff's claims are unclear, he appears at times to be complaining of actions taken by a state probate court. Under the *Rooker–Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). To the extent Plaintiff is complaining of injuries caused by a state court judgment, the claim would be barred under this doctrine.

For the reasons set out above, Plaintiff's Complaint is deficient and subject to dismissal. However, in light of Plaintiff's pro se status, the Court will permit Plaintiff an opportunity to cure these deficiencies by filing an amended complaint that provides proper notice to each defendant as to the bases of the claims against him or her. Pursuant to Federal Rule of Civil Procedure 8, the amended complaint must be a short and plain statement that is in a readable format, contains all of Plaintiff's allegations, provides the basis for the Court's jurisdiction, names all defendants and the capacity in which they are sued, and specifies the relief sought. The claims should be set out in separately numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Any amended complaint will supersede and replace the initial complaint. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). The amended complaint must be filed

no later than August 7, 2025. A failure to comply with this Order will result in the dismissal of this action without prejudice without further notice.

Additionally, Plaintiff's "Motion to Order Scheduling and Stay of Any Sale of Edwards Home; Property; or Related Assets; Pending Discovery" [Doc. No. 13], is DENIED without prejudice. The motion appears to be seeking permission to conduct discovery and assistance with completing service. However, because Plaintiff has not stated any plausible claim, the motion is premature. Additionally, to the extent the motion seeks some sort of preliminary injunction, he has not complied with the requirements set out in Federal Rule of Civil Procedure 65 or established that the factors governing whether a preliminary injunction should issue weigh in his favor. *See State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021).

IT IS SO ORDERED this 10th day of July, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE